BOONE *v.* CENTURY ATHLETIC CLUB.

(Decided August 6, 1934.)

*Mr. Sanford Headley,* for plaintiff in error.
*Mr. W. Donald Hall,* for defendant in error.

Ross, J. This is a proceeding in error from the Municipal Court of Cincinnati, Ohio, wherein judgment was rendered for the Century Athletic Club, plaintiff in that court.

The action was brought to recover a balance due upon an accepted application for life membership in the Century Athletic Club. The instrument containing the application is as follows:

"Century Athletic Club. No. 311.

"Application for Life Membership.

"Cincinnati, Ohio, April 16, 1928.

"I desire to accept the invitation extended to me to become a Life Member of the Century Athletic Club, for which I agree to pay the sum of Four Hundred ($400.00) Dollars payable as follows: One Hundred and Fifty ($150) Dollars herewith and balance payable Fifty Dollars each thirty days from date hereof until fully paid. This Membership entitles the holder to all of the privileges and benefits of the Club for Life and is transferable for a cash consideration or by heritage and shall be forever exempt from any dues or assessments of any nature whatsoever.

"If accepted I agree to abide by all regulations and by-laws governing the Club.

"Received $150.00. Name WHEELER BOOONE,

Address 908 Schmidt Bldg.,

"Century Athletic Club Occupation Mining and

"By M. L. Reenan Wholesale and Coal Business.

"Make all checks payable to

Century Athletic Club."

The defense was, first, a denial that a contract was entered into by the defendant below, and, in the alternative, that if a contract existed there was a total failure of consideration.

An examination of the record shows that there was a binding contract between the parties. An invitation to become a member in the Century Athletic Club was tendered the defendant below. He accepted the invitation, and stated as quoted above that "if accepted" he agreed to "abide by all regulations" of the club. He was accepted. The record reads as follows:

"Q. Now, Judge Hess, I will ask you if, at the time these applications which have been introduced in evidence and which I am handing you were signed, if you were acting as secretary of The Century Athletic Club?

"A. What's the date?

"Q. October, no April of 1928?

"A. Yes, sir.

"Q. I will ask you to examine the minute book which I hand you, and ask you to state whether or not those applications were ever accepted by the board of directors?

"A. Who is the applicant?

"Q. Wheeler Boone?

"A. He was.

"Q. And on what date?

"A. The second day of May, 1928, at a board meeting which Mr. W. O. Washburn (since deceased, who was vice-president), was presiding at the meeting and I was secretary at the meeting.

"Q. And what's the page number?

"A. Pages 50 and 51.

"Q. Are those the original minute books?

"A. They are."

The contract was to purchase a membership in the club. He received the membership.

Representations were made by those soliciting this membership that the club would do certain things, among them that a fifteen story building would be erected, containing modern appointments for an ath-

letic club. For reasons wholly immaterial to the question presented by this case the membership of the club determined not to erect the building, and in fact the whole project seems to have been abandoned. Does this amount to a total failure of consideration for the promise of the defendant below to pay for his membership in the club? We conclude it does not. The applicant did not agree to pay for a proportionate share in a building to be erected. He agreed to pay for a membership in a club. That his fellow-members saw fit to abandon a project which induced his application for membership in the club can not and does not furnish evidence of a failure of consideration for his promise to pay for membership in the club. He, after becoming a member of the club, must bear a proportionate responsibility for the failure of the organization to carry out the original plans proposed. The defendant below is in effect claiming that he himself *pro tanto* failed to carry out the promises made to him. We do not find that these promises were of a character amounting to false representation. Fraud is not alleged or proved.

The judgment of the Municipal Court is affirmed.

*Judgment affirmed.*

HAMILTON, P. J., concurs.